UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,　　　　　　　　　　Case No. 16-cr-348 (RHK/BRT)

　　　　　　Plaintiff,

v.
　　　　　　　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**

Eliseo Florencio Gomez-Diaz,

　　　　　　Defendant.
_____

This matter is before the Court on the Government's Motions in Limine.

**A.　　Punishment (Docket Nos. 43 and 47)**

The Government first seeks to preclude Gomez-Diaz from making any references to his possible sentence if convicted. Because it is not the jury's role to be concerned with any potential sentence—even when the defendant faces a mandatory-minimum sentence—this Motion is granted. Gomez-Diaz may not make any references at trial to his potential punishment if convicted.

**B.　　Consent (Docket Nos. 44 and 45)**

The Government seeks to preclude Gomez-Diaz from arguing or eliciting testimony that the victim consented to the production of child pornography. Gomez-Diaz does not intend to raise a consent defense. This Motion is therefore granted. But nothing about granting this Motion has an effect on Gomez-Diaz's right to testify about the allegations against him, including explaining how the sexual conduct took place, or why and how he took the photographs at issue.

## C. Immigration Status (Docket No. 46)

The Government also seeks to preclude Gomez-Diaz from mentioning or eliciting testimony concerning his, the victim's, or the victim's family's immigration status. This Motion is granted because such evidence is irrelevant, confusing, and prejudicial. Along with prohibiting Gomez-Diaz from making any references at trial to his potential punishment, Gomez-Diaz may not make any reference to his possible deportation following his sentence. Likewise, Gomez-Diaz may not make any reference to the immigration status of the victim's sister, Gomez-Diaz's then-girlfriend. Granting this Motion does not preclude Gomez-Diaz from testifying about his life history, including where he is from and how he got here, so long as that information is relevant. Gomez-Diaz simply may not testify about his immigration status.

## D. "Made in China" (Docket No. 48)

The Government intends to introduce evidence of the inscription "Made in China" on Gomez-Diaz's phone to prove that Gomez-Diaz produced or created child pornography using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means. Gomez-Diaz does not object to the Government introducing such evidence. This Motion is granted.

## E. Love Letters (Docket No. 53)

The Government seeks to preclude Gomez-Diaz from eliciting testimony or offering evidence of "love letters" that he wrote to the victim's sister following his arrest. The Government argues that these letters are irrelevant and hearsay. Gomez-Diaz utterly fails to respond to this Motion. Without knowing what the letters say, however, the Court

cannot decide whether the letters are irrelevant or hearsay. This Motion is therefore denied without prejudice to specific objection at trial.

F.      **State Charge (Docket No. 56)**

The Government seeks to preclude Gomez-Diaz from referencing or eliciting testimony about his pending state-court charge of criminal sexual conduct stemming from the same allegations involved in this case. This Motion is granted because such evidence is irrelevant, confusing, and prejudicial. If Gomez-Diaz testifies, he may of course address the sexual contact and testify about whether he feels a responsibility, either moral or criminal, for his alleged actions. He simply may not testify about the underlying state-court charge.

G.      **Additional Images (Docket No. 57)**

Finally, the Government requests that it be permitted to introduce evidence of four additional images of the victim that police found on Gomez-Diaz's cellphone, but that the Government did not charge Gomez-Diaz with producing. Gomez-Diaz allegedly took the four photos on a different day than the day he took the six photos he is charged with producing. Law enforcement located these images in the cellphone's cache storage, rather than the file path where the six charged images were located. The Government argues that these four additional images are admissible because they are intrinsic evidence inextricably intertwined with the instant offense and permissible character evidence to prove Gomez-Diaz's intent under Fed. R. Evid. 404(b).

### 1. Intrinsic Evidence

"Federal Rule of Evidence 404(b) provides that evidence of crimes by the defendant which are not charged in the indictment are generally inadmissible." United States v. Clay, 618 F.3d 946, 955 (8th Cir. 2010) (citation omitted). But "the rule does not prevent admission of other wrongful conduct that is intrinsic to the charged offense." United States v. Ruiz-Chavez, 612 F.3d 983, 988 (8th Cir. 2010). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred. Such evidence is admitted because the other crime evidence completes the story or provides a total picture of the charged crime." United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006) (citations and quotation marks omitted).

The four additional images of the victim found in the cache storage of Gomez-Diaz's cellphone will not complete the story or provide a total picture of the charged crime. Rather, they would confuse the jury over which photos are at issue in the Indictment. The Government argues that these images are "consistent" with and "flesh out" the circumstances of Gomez-Diaz's alleged abuse of the victim months before he was arrested. (Gov't's Mot. (Docket No. 57) at 4.) But Gomez-Diaz is charged here with the production of child pornography, not sexual assault. Moreover, Gomez-Diaz is charged with producing six specific images, and the jury need only consider those images when determining Gomez-Diaz's culpability.

### 2. Rule 404(b)

Evidence of a crime, wrong, or other act is not admissible to prove Defendant's character in order to show that on a particular occasion Defendant acted in accordance with that character. Fed. R. Evid. 404(b)(1). But this evidence may be admissible for another purpose like intent. Fed. R. Evid. 404(b)(2). Evidence of other wrongful acts is admissible if it is "(1) relevant to a material issue; (2) similar in kind and close in time to the crime charged; (3) proven by a preponderance of the evidence; and (4) if the potential prejudice does not substantially outweigh its probative value." United States v. Thomas, 593 F.3d 752, 757 (8th Cir. 2010).

Even assuming the Government can satisfy the first three elements, the potential prejudice to Gomez-Diaz if the additional images are admitted substantially outweighs its probative value. The probative value of these images is low because Gomez-Diaz is not charged with producing these images, the images were allegedly taken on a different day, and there is no metadata associated with these images. The potential prejudice to Gomez-Diaz is great because the Government is essentially asking the Court to find Gomez-Diaz guilty of producing these images on a preponderance-of-the-evidence standard, before the jury finds him guilty of producing the six charged images beyond a reasonable doubt. And as previously discussed, the admission of these images will only confuse the jury about which images it will be asked to find Gomez-Diaz guilty or not guilty of producing. This Motion is therefore denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government's Motions in Limine (Docket Nos. 43, 44, 45, 47, 48, and 56) are **GRANTED**;

2. The Government's Motion in Limine (Docket No. 53) is **DENIED without prejudice**; and

3. The Government's Motion in Limine (Docket No. 57) is **DENIED with prejudice.**

Dated: August 9, 2017					*s/ Paul A. Magnuson*
									Paul A. Magnuson
									United States District Court Judge